IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA

vs.	3:03CR101/LAC
	3:06CV121/LAC/MD

GUSTAVO MANCHA

## REPORT AND RECOMMENDATION

This matter is before the court upon a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. §2255 (doc. 193). One of the two grounds raised in his motion is that counsel was ineffective for his failure to timely file an appeal. Counsel filed a motion for extension of time to file an appeal in which he stated that both he and his client were under the mistaken impression that a defense appeal could be taken within thirty (30) days without leave of court. (Doc. 174). His motion was denied. (Doc. 176). The government has filed a response to the motion to vacate in which it concedes that the defendant is entitled to an out of time appeal based on his reliance on counsel's erroneous belief that extensions of time to file an appeal can be routinely granted. It suggests that relief be granted in a manner consistent with the procedure set forth in *United States v. Phillips,* 225 F.3d 1198, 1200 (11th Cir. 2000), as follows:[1]

> (1) the criminal judgment from which the out-of-time appeal is to be permitted should be vacated; (2) the same sentence should then be reimposed; (3) upon reimposition of that

---

[1] Because the government concedes that defendant is entitled to an out of time appeal, the defendant's remaining claim should be dismissed without prejudice. See *McIver v. United States*, 307 F.3d 1327, 1331, n2 (11th Cir. 2002).

sentence, the defendant should be advised of all the rights associated with an appeal from any criminal sentence; and (4) the defendant should also be advised that the time for filing a notice of appeal from that re-imposed sentence is ten days, which is dictated by Rule 4(b)(1)(A)(I).

225 F.3d at 1200. The government suggests that if the defendant chooses to knowingly and voluntarily waive his presence at a resentencing the district court may expedite the resentencing and appeal process.

Based on the foregoing, it is respectfully RECOMMENDED:

The motion to vacate, set aside, or correct sentence (doc. 193) be GRANTED with respect to defendant's claim that counsel failed to file a timely notice of appeal; and

The defendant's remaining claim be denied without prejudice.

At Pensacola, Florida, this 14th day of August, 2006.

/s/ Miles Davis
**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy thereof. **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. See 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).

*Case No: 3:03cr101/LAC; 3:03cv121/LAC/MD*